**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Bugher Family Partnership LLLP, | No. CV-18-04629-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Transamerica Life Insurance Company, | |
| Defendant. | |

Pending before the Court is Defendant Transamerica Life Insurance Company's ("Transamerica's") Motion to Dismiss. (Doc. 14). For the following reasons, the motion is denied.

**BACKGROUND**

In 2007, Plaintiff Patricia Bugher Family Partnership LLLP ("the Partnership") purchased a $1 million dollar life insurance policy ("the Policy") from Transamerica. (Doc. 1). In its complaint, Burgher alleges that Transamerica knew that it was selling a defective product when it purchased the policy, and made misrepresentations about the content of the policy. The insured is Ms. Patricia Burgher, who created the Partnership to purchase this life insurance policy.[1] The Policy explained that premiums may increase

---

[1] Generally, a court may not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1550 (9th Cir.1990) (amended decision). However a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig*., 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original). Here, the Court will take judicial notice of the three exhibits that are provided by

over time, due to increases in the monthly deduction rate. (Doc. 14, Ex. A at 13, 3).

When the Partnership first purchased the life insurance policy, the annualized premium was $43,974. The premiums increased to $55,884 in 2010 and again to $62,400 in 2011. (Doc. 1 Ex. 5 at PP 27, 28). Then, in 2017, the Partnership alleges that Transamerica increased their annualized premium to $168,000. Following this alleged premium increase, the Partnership filed this lawsuit alleging consumer fraud, negligent misrepresentation, and breach of contract.

Transamerica responds by making three arguments. First, Transamerica argues that the Policy clearly specifies that premium increases may occur, and that the Partnership was warned of premium increases when it bought the policy. Transamerica further argues that it didn't increase the Partnership's premiums at all, and instead the documents that the Partnership relies upon were merely worst-case scenario illustrations—not actual increases in annualized premium amounts. Transamerica finally argues that the Partnership has not pled their various claims with sufficient particularity.

## DISCUSSION

**I.  Analysis**

"The Arizona Consumer Fraud Act is a broad act intended to eliminate unlawful practices in merchant-consumer transactions." *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992) (citing *State ex rel. Corbin v. Hovatter*, 144 Ariz. 430, 431, 698 P.2d 225, 226 (Ariz. Ct. App. 1985)). To prevail at this stage, the Partnership must allege (1) Defendant made a false promise or misrepresentation in connection with a sale, and (2) that Defendant's conduct proximately caused the Partnership to suffer damages. *Holeman*, 803 F. Supp. at 242 (*citing Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342, 666 P.2d 83, 87 (Ariz. Ct. App. 1983)).

For its negligent misrepresentation claim, the Partnership must allege that "(1) the defendant provided false information in a business transaction; (2) the defendant intended

---

Transamerica because each of those documents are referenced in the complaint. (*See* Doc. 14, Exs. A, B, C).

for the plaintiff to rely on the incorrect information or knew that it reasonably would rely; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the plaintiff justifiably relied on the incorrect information; and (5) resulting damage" *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 333 340 P.3d 405, 412 n.7 (Ariz. Ct. App. 2014). For both the consumer fraud and negligent misrepresentation claim, Transamerica argues that the complaint does not comply with Federal Rule of Civil Procedure 9(b), that the premium increase did not actually occur, and that the Policy specifically disclosed that premium increases may occur.

Finally, the Partnership alleges that Transamerica breached the Policy agreement. Defendant's only argument as to the breach of contract claim is that the premium increase alleged by Plaintiff did not actually occur.

### A. Plaintiff's Fraud and Negligent Misrepresentation Claims Comply With Rule 9(b)

Rule 9(b) requires a party alleging fraud and negligent misrepresentation to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) Under this rule, the complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrb. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "To allege fraud with particularity, an [individual]. . . must set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Falsity may be established through inconsistent contemporaneous statements or information made by the defendants, but such statements are not required. *Id.* at 1549. Falsity may also be established through allegations of circumstantial evidence. *See Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997).

Plaintiff has met the pleading requirements of Rule 9(b) here. Specifically, the Partnership alleges that Transamerica issued annual illustrations and other informational graphics that did not contain accurate representations of the Policy's value and were not based on actuarial data. (Doc. 1 Ex. 6 at ¶¶ 15–25). The Partnership further alleges that Transamerica knew that these annual illustrations were misleading and issued the policy

despite knowing that the illustrations were not an accurate depiction of the value of these policies. (*Id*. at ¶ 21).

### B. Whether the Partnership's Premiums Increased

The Partnership has sufficiently pled the fact that their premiums increased substantially in 2017, which is a central fact supporting its claims. The illustration document that Transamerica provides, in isolation, is not enough to discredit Plaintiff's allegation that their premiums were increased to $168,000 annually. Transamerica does not establish that this quote was not the functional equivalent of notification of a forthcoming premium increase—even if it had not yet billed the Partnership for that increase. And without additional context—including whether the quote was provided alongside other quotes with lower premiums, whether these types of quotes were typically used to notify the Partnership of upcoming premium changes, and whether Transamerica communicated explicitly with the Partnership to state that the quotes were not premium increases—the Court cannot definitively conclude that the premium increase did not occur.

Taking all reasonable inferences in favor of the Plaintiff, the Court cannot conclude that their premiums were not increased in the amount that alleged in the complaint. Because Defendant's only argument as to the breach of contract claim is that the premium increases did not occur, the request for dismissal of that claim is denied.

### C. Whether the Policy Allowed for Significant Premium Increases

To support its position that the Policy allowed for significant premium increases, Transamerica points to the table of monthly deduction rates from the Policy that show that the rates could increase incrementally as the Policy ages. (Doc. 14 at 4). But the fact that the Policy indicated that these rates could increase incrementally each year does not mean that increasing the annual payments by more than 200% may not have been a misrepresentation of the original terms of the deal. Put differently, viewing the terms of the Policy in the light most favorable to Plaintiffs, the size of the annualized premium increase here was not contemplated. Further, the fact that Plaintiff acknowledged that the premiums *may* increase in the future when looking at the original illustration similarly does

not mean that Transamerica should have unlimited authority under the contract to raise the annual premiums as it wishes.

## CONCLUSION

Plaintiff has sufficiently pled each of its claims at this stage. Defendant's Motion to Dismiss will therefore be denied.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss (Doc. 14) is **DENIED**.

Dated this 28th day of June, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge